**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CAPITOL INFRASTRUCTURE, LLC,

    Plaintiff,

v.                                                         CASE NO: 8:06-cv-1347-T-26EAJ

HERNANDO COUNTY, FLORIDA,

    Defendant,

v.

BRIGHT HOUSE NETWORKS, LLC,

    Prospective Intervener/Defendant.
_____/

**O R D E R**

Before the Court is Bright House Networks, LLC's Amended Motion for Leave to Intervene as a Defendant and Memorandum of Law with attached Proposed Answer to Plaintiff's Complaint for Emergency Injunctive Relief (Dkt. 33), and Plaintiff's Response to the prior Motion for Leave to Intervene (Dkt. 24). After careful consideration of the Motion and applicable law, the Court concludes, without the necessity of another response, that the intervention as party defendant should be permitted.

Bright House Networks, LLC (Bright House) initially filed a motion for intervention without any attached pleading as mandated by Federal Rule of Civil Procedure 24(c).[1] Bright House has now rectified the non-technical defect, which has not

---

[1] The procedure to be followed in filing motions for intervention requires that a pleading setting forth the claim or defense for which intervention is sought "shall" accompany the motion to intervene. See Fed.R.Civ.P. 24(c).

prejudiced any other party, by submitting its proposed answer.[2]  The critical issue now before this Court is whether Plaintiff Capitol Infrastructure, LLC (Capitol) is a cable operator.[3]

To determine whether Capitol is a cable operator, the Court must consider the merits of the case, which this Court should not do when considering the motion to intervene.  See Clark v. Putnam County, 168 F.3d 458, 462 (11th Cir. 1999) (noting that whether potential intervenor will prevail in action should not be considered on motion to intervene).  Suffice it to say that if Capitol is a cable operator, Bright House most definitely has an interest in this litigation as a competitor required to hold a franchise, which is an interest separate and apart from the County's.  See Centel Cable Television Co. of Fla. v. Admiral's Cove Associates, Ltd., 835 F.2d 1359 (11th Cir. 1988) (noting that court was "unconvinced that Congress believed a local government would choose to

---

[2]  If an intervenor initially fails to file a proposed claim or defense with the motion to intervene, it may later, if deemed not to prejudice any party, file the proposed claim or defense and the court may accept same.  See Spring Constr. Co., Inc. v. Harris, 614 F.2d 374, 376-77 (4th Cir. 1980) (holding that proper approach when intervenor fails to strictly comply with Rule 24(c) is "to disregard non-prejudicial technical defect," particularly when missing pleading was filed shortly after filing initial motion to intervene).

[3]  Four factors are necessary to establish intervention as a matter of right: (1) timeliness; (2) interest in property which is subject of action; (3) disposition of action will impede intervenor's ability to protect that interest; and (4) intervenor's interest is inadequately represented by existing parties.  See Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).  Two factors are necessary for permissive intervention: timeliness and intervenor's claim or defense and action have question of law or fact in common.  Id. There is no question that the motion was timely.  The issue is whether the protection of Bright House's interests will be compromised absent intervention in this action.

spend its tax revenues fighting for the rights of the cable franchise as willingly as the franchise owner would fight for its own rights"). Specifically, the County will not need to establish whether Capitol is a competing cable operator in order to protect public rights-of-way and collect fees, thereby leaving Bright House's interests unprotected. Based on the entire record of this case and its present posture, the Court exercises its discretion to permit intervention.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Bright House Networks, LLC's Amended Motion for Leave to Intervene as a Defendant (Dkt. 33) is **GRANTED**.

(2) Intervenor Defendant Bright House shall forthwith electronically file the Proposed Answer to Plaintiff's Complaint for Emergency Injunctive Relief at docket 33 as its Answer.

(3) The Clerk shall add Intervenor Defendant Bright House as a party Defendant in the action and all parties and the Clerk's office shall serve all future papers on Bright House as it would any other party.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2006.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record